UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,        )   Index No. 07-CIV-6067 (KMK)
                                             )
                                             )        AMENDED
                              Plaintiffs,    )   AFFIDAVIT FOR JUDGMENT
                                             )        BY DEFAULT
                                             )
       -against-                             )
                                             )
DIMAIO MILLWORK CORPORATION,                 )
                              Defendant.     )
                                             )

---

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with facts set forth herein, and I submit this Affidavit in support of plaintiff's entry of Default Judgment.

2. The Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act"). Plaintiff Union is a labor organization, which represents in an industry affecting commerce.

3. Defendant, Dimaio Millwork Corporation (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent late charges contributions owed to the Funds by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the

"C.B.A.") between the D.C. Council 9 International Union of Painters and Allied Trades and the Employer.

5. This action was commenced on June 26, 2007 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on July 2, 2007 via Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on July 16, 2007. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction is premised upon sections 502 and 515 of the subject matter of this action is based on the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145), section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. All signatory employers to the C.B.A. are required to remit to the Funds benefit contributions and reports in a timely fashion. If a signatory employer fails to remit the contributions in a timely fashion in accordance with the C.B.A. then the employer is required to remit assessed interest at the prime rate plus 2.0 % calculated from the date the payment was due to the date the payment was paid and liquidated damages equivalent to 10% of the total amount of contributions that were remitted late. The C.B.A. also provides that in addition to the amount due as interest and liquidated damages there shall be added reasonable attorneys fees and court costs incurred by the Funds in the collection of the delinquency.

10. The Employer failed to remit late charges to the Funds in the sum of $5,589.62 for the period January 11, 2005 through March 31, 2007. A copy of the Funds' statement for the contribution period January 11, 2005 through March 31, 2007, which provides the calculations of the unpaid late charges is attached hereto as Exhibit "B".

11. The amounts set forth in the Statement of Damages are justly due and owing no part thereof has been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts:

    a. Filing fee paid to the Clerk of the Court for the S.D.N.Y.    $ 350.00
    b. Statutory fee paid to the New York Secretary of State in
       connection with service upon the Employer    $ 40.00
                                          Total: $ 390.00

12. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

13. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 6.2 hours @ $250.00 per hour = $1,550.00 and 2.5 hours @ $100 per hour = $250.00. This rate and fee are reasonable and justified given the circumstances of this matter.

14. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $1,800.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

15. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| Date | Task | Hours |
|---|---|---|
| June 11, 2007 | Prepared and sent demand letter to the defendant | 0.5 hours |
| June 26, 2007 | Reviewed client statements and prepared complaint | 1.7 hours |
|  | Prepared and filed civil cover sheet, summons, and rule 7.1 statement | 2.0 hours |
| July 16, 2007 | Filed affidavit of service | 0.5 hours |
| August 20, 2007 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 4.0 hours |
|  |  | 8.7 hours |

16. Plaintiffs are entitled to damages as follows: In the minimum sum of $7,779.62, which includes $5,589.62 in unpaid late charges for the period January 11, 2005 through to March 31, 2007, $1,800.00 in attorneys' fees, court costs and disbursements in the amount of $390.00 all pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

**WHEREFORE,** plaintiffs request the entry of Default and the entry of the annexed Judgment against defendant in the amount of $7,779.62.

Dated: Elmsford, New York
August 20, 2007

Dana L. Henke (DLH 3025)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
20th day of August, 2007

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2007